■ FRANCES LAMPARELLI et al., Respondents-Appellants, v FORD MOTOR COMPANY, Appellant-Respondent. — In an action to recover damages for personal injuries, etc., (1) plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered February 19, 1982, as granted that part of defendant's motion which compelled production of plaintiffs' expert's report and (2) defendant (a) cross-appeals from so much of the order entered February 19, 1982 as denied that part of its motion which was for a protective order with respect to production of its own expert's second report, and (b) appeals from two orders of the same court entered June 24, 1982 and October 19, 1982, which, respectively, (1) upon reargument, modified the order entered February 19, 1982 so as to deny defendant's motion, *inter alia,* to compel production of plaintiffs' expert's report, and (2) upon further reargument, adhered to the prior determination of June 24, 1982. Appeal by plaintiffs from the order entered February 19, 1982 dismissed, without costs or disbursements, in view of the modification thereof by the order entered June 24, 1982 upon reargument. Appeal by defendant from the orders entered February 19, 1982 and June 24, 1982 dismissed, without costs or disbursements. Said orders were superseded by the order entered October 19, 1982 upon further reargument. Order entered October 19, 1982 affirmed insofar as appealed from, without costs or disbursements. Plaintiff Frances Lamparelli was injured when her automobile rolled backwards down her driveway, allegedly due to a defect that allowed the vehicle to shift out of park and into reverse by itself. Prior to the commencement of this action, the parties entered into a letter agreement that permitted defendant's expert to examine the vehicle in exchange for disclosure of all of its expert's reports. Although defendant furnished a copy of a report prepared by its expert, it has withheld the copy of a second report he rendered. In light of the agreement, Special Term properly directed defendant to produce its expert's second report without reciprocal production by plaintiffs of their expert's report. The letter agreement constituted a contract binding on defendant because it was written and signed by defendant's representatives. By entering into the agreement, defendant was able to inspect plaintiffs' vehicle soon after the accident and while it still was in plaintiffs' ownership. Palpably, defendant is obliged to supply plaintiffs with its expert's second report. As to the report of plaintiffs' expert, CPLR 3101 (subd [d]) confers a conditional immunity on material prepared for litigation and Special Term did not abuse its discretion when it exempted that report from discovery. Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.